UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**RICHARD A. WINTER,**

        **Plaintiff,**

        v.                                            Case No. 25-C-1035

**UNITED STATES OF AMERICA,**

        **Defendant.**

---

**DECISION AND ORDER GRANTING MOTION TO DISMISS**

---

On July 16, 2025, Plaintiff Richard A. Winter brought this Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–80, action against Defendant United States of America (the Government). Winter, a former United States Navy submariner, alleges that he sustained injuries caused by the negligent operation and maintenance of a nuclear-powered submarine between 1973 and 1979. Winter alleges that the negligence resulted in his exposure to harmful levels of ionizing radiation and, decades later, a diagnosis of cancer. He asserts that the negligent acts that caused his injuries were performed by employees of the Department of Defense and the Department of Veterans Affairs.

On October 10, 2025, the Government filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and Rule 12(b)(6). Dkt. No. 13. On October 28, 2025, the court extended Winter's time to file a response to the Government's motion to December 1, 2025. Dkt. No. 16. That date has come and passed, and Winter has still not filed a response. Winter's failure to respond to the motion is itself grounds to grant the motion. *See* Civil L.R. 7(d) ("Failure to comply with the briefing requirements in Civil L.R. 7(a)–(b) may result in sanctions up to and including the Court

denying or granting the motion."). For this reason, and because the result is the same on the merits, the Government's motion to dismiss will be granted.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the jurisdiction of this court of the subject matter jurisdiction in the complaint. Fed. R. Civ. P. 12(b)(1). To survive a Rule 12(b)(1) motion, the plaintiff must establish that the jurisdictional requirements have been met. *Schaefer v. Transp. Media, Inc.*, 859 F.2d 1251, 1253 (7th Cir. 1988). The proponent of federal jurisdiction must "prove those jurisdictional facts by a preponderance of the evidence." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022). Rule 8 requires a pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, a complaint must have factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## ALLEGATIONS IN THE COMPLAINT

Winter alleges that he served as a machinist's mate on a U.S. Navy nuclear-powered submarine from 1974 to 1979. Compl. ¶ 9, Dkt. No. 1; Dkt. No. 1-1 at 8. While aboard and at his workspace near the nuclear generator, he was repeatedly exposed to unsafe levels of ionizing radiation, without adequate protective equipment, monitoring, or warning of the associated risks. Compl. ¶ 10; Dkt. No. 1-1 at 8. Navy personnel failed to maintain proper containment or maintenance of the submarine's nuclear systems, failed to monitor or disclose excessive radiation exposure, and failed to inform Winter of his exposure levels or potential long-term health

consequences. Compl. ¶¶ 11–12. Winter was diagnosed with Myeloproliferative disorder, a rare blood disorder, on October 28, 2022. He was also diagnosed with a gene mutation at an undisclosed time. His physicians have causally linked both of his diagnoses to cumulative exposure to radiation during his submarine service. *Id.* ¶¶ 13–14.

Winter also alleges that, on September 13, 2024, he submitted an administrative claim to the Department of Defense (DOD) and Department of Veterans Affairs (VA) pursuant to 28 U.S.C. §§ 2672 and 2675(a). He alleges his claim was denied by the DOD by virtue of its failure to make final disposition within the required time frame, and his claim was denied by the VA on January 22, 2025. *Id.* ¶¶ 6–8. This lawsuit followed.

## ANALYSIS

The Government moves to dismiss on two grounds. First, the Government asserts that Winter's exposure claims are both time- and *Feres*-barred. Second, the Government asserts that any post-discharge claims of failure-to-warn not *Feres*-barred are barred by the discretionary function exception. Each will be addressed in turn.

As a threshold matter, the Government argues that Winter's claims depend on the Public Vessels Act (PVA), not the FTCA, for waiver of sovereign immunity. The FTCA operates as a waiver of the United States' sovereign immunity from suit—but the FTCA excludes "[a]ny claim for which a remedy is provided by [the PVA or Suits in Admiralty Act (SIAA)], relating to claims or suits in admiralty against the United States." *Anderson v. United States*, 317 F.3d 1235, 1237 (11th Cir. 2003) (quoting 28 U.S.C. § 2680(d)). Claims in admiralty depend upon the PVA's waiver of sovereign immunity for subject-matter jurisdiction: "A civil action in personam in admiralty may be brought, or an impleader filed, against the United States for-- (1) damages caused

3

by a public vessel of the United States[.]" 46 U.S.C. § 31102(a).  For the PVA to apply, the court must assess whether Winter's claims sound in admiralty.

The court in *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.* held that a court has admiralty jurisdiction over a tort claim if the claim satisfies "conditions both of location and of connection with maritime activity." 513 U.S. 527, 534 (1995).  First, regarding location, courts must assess whether "the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water." *Id.*  This condition is satisfied here: Winter alleges he was exposed to radiation from a submarine's nuclear reactor while stationed there.

The second condition, connection with maritime activity, has two sub-parts.  *Id.*  First, it requires the court to "assess the general features of the type of incident involved to determine whether the incident has a potentially disruptive impact on maritime commerce." *Id.* (citations omitted) (cleaned up).  This inquiry examines the potential effects of the general type of incident, not the actual effects of the particular incident at issue.  *Lambert v. Babcock & Wilcox, Co.*, 70 F. Supp. 2d 877, 883 (S.D. Ind. 1999) (citing *Sisson v. Ruby*, 497 U.S. 358, 362 (1990)).  In *Lambert*, for example, the court observed that "unsafe working conditions aboard a vessel have consistently been held to pose a potentially disruptive impact upon maritime commerce[,]" and held that the plaintiff's asbestos exposure in a ship's boiler room satisfied this condition. *Id.* at 884.  The same is true here—unsafe levels and types of radiation near a submarine's nuclear reactor qualify as "unsafe working conditions" that may cause "fear of exposure by crew members and potential crew members alike[,]" like in *Lambert*. *Id.*  This condition is met.

The court must also determine whether "the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity." *Id.* (citations omitted) (cleaned up).  Again, the "general activity" is what matters—not the particular

4

circumstances of an alleged incident. *Id.* (citing *Sisson*, 497 U.S. at 364). In *Grubart*, the Court concluded that "navigation of boats in navigable waters clearly falls within the substantial relationship," "storing them at a marina on navigable waters is close enough," and "repair or maintenance work on a navigable waterway performed from a vessel," at issue in the case, was substantially related to traditional maritime activity as well. 513 U.S. at 540. Here, Winter's work as a machinist's mate near the submarine's nuclear reactor clearly satisfies the condition. To quote *Lambert*, a nuclear submarine's properly functioning nuclear reactor "is vital to the ship's ability to conduct maritime related activities." 70 F. Supp. 2d at 884 (holding the same about a ship's boiler room). Because the tort Winter alleges sounds in admiralty, the PVA applies and the FTCA does not.

Moving to the substance of its motion, the Government first argues that Winter's claims are time-barred. The Government notes that "the PVA incorporates the Suits in Admiralty Act (SIAA) to the extent it is not inconsistent with specific provisions in the PVA." Dkt. No. 13-1 at 6; *see also* 46 U.S.C. § 31103 ("A civil action under this chapter is subject to the provisions of chapter 309 of this title except to the extent inconsistent with this chapter."). Among the provisions of the SIAA that the PVA incorporates is the SIAA's statute of limitations. *Ali v. Rogers*, 780 F.3d 1229, 1234 (9th Cir. 2015). The SIAA has a two-year statute of limitations. 46 U.S.C. § 30905. Depending on what he knew, the Government argues that Winter's exposure claim may have become time-barred as early as 1981 (two years after his service on the submarine ended) or by October 2024 (two years after his cancer diagnosis). Dkt. No. 13-1 at 6.

The SIAA statute of limitations runs from the date the action arises. *Taghadomi v. Extreme Sports Maui*, 257 F. Supp. 2d 1262, 1271 (D. Haw. 2002), *aff'd sub nom. Taghadomi v. United States*, 401 F.3d 1080 (9th Cir. 2005). "An SIAA action is deemed to arise on the date of injury

5

or death." *Id.*; *see also Williams v. United States*, 711 F.2d 893, 898 (9th Cir. 1983) ("In any event, from a standpoint of certainty the limitations period should be computed from the date of injury."). Winter alleges that he learned of his cancer diagnosis on October 28, 2022. Assuming that is the date of injury, the statute of limitations would have run by October 28, 2024, more than eight months before suit was filed. It thus appears the exposure claim may be time-barred. Ultimately, however, the court need not decide exactly when the "clock started" or "stopped" because the court concludes that Winter's case must be dismissed for lack of subject matter jurisdiction pursuant to *Feres v. United States*, 340 U.S. 135 (1950).

*Feres* held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Id.* at 146. In *Maas v. United States*, four servicemen in the Air Force brought FTCA claims against the government, alleging radiation exposure and subsequent cancer diagnoses for two of them that occurred during and resulted from an active-duty military operation to clean up radioactive debris. 94 F.3d 291, 295 (7th Cir. 1996). The Seventh Circuit affirmed the district court's dismissal because the alleged injury was incident to military service and therefore *Feres*-barred. *Id.* at 294–95. Because *Feres* acts as an exception to the Government waiving sovereign immunity, courts have no subject matter jurisdiction to hear a *Feres*-barred case. *Id.* at 294. The *Feres* doctrine applies equally to admiralty claims brought against the Government under the SIAA or PVA. *Hillier v. S. Towing Co.*, 714 F.2d 714, 721 (7th Cir. 1983); *Miller v. United States*, 42 F.3d 297, 300 (5th Cir. 1995).

Here, Winter's claims mirror those in *Maas*, and the same result follows. Winter alleges injury from radiation that occurred while he was an active-duty serviceman on a military

submarine.  *Feres* controls, and it thus follows that this court lacks subject matter jurisdiction over Winter's negligence claims.

The Government concedes, however, that *Feres* does *not* bar a serviceman's claim of negligence based on a failure-to-warn theory resulting in an independent claim, and that any such post-discharge claim would be governed by the FTCA.  Dkt. No. 13-1 at 9 (citing *Maas*, 94 F.3d at 296); *see* Compl. ¶ 19 ("Defendant breached [its] duty through negligent reactor operation, failure to adhere to safety protocols, inadequate radiation monitoring, and *failure to warn*." (emphasis added)).  Even so, to the extent the court identifies a negligence claim based on the Government's failure to warn, the Government argues that such a claim is barred by the so-called "discretionary function exception."

The discretionary function exception excepts from the sovereign immunity waiver claims based upon the "exercise or performance of discretionary functions," including "acts requiring an element of judgment or choice."  *Maas*, 94 F.3d at 296; s*ee* 28 U.S.C. § 2680(a) ("Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.").  It is "intended to 'prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.'"  *Maas*, 94 F.3d at 296 (quoting *United States v. Varig Airlines*, 467 U.S. 797, 814 (1984)).  The exception does not apply "when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." *Berkovitz v. United States*, 486 U.S. 531, 536 (1988).  To determine whether the discretionary function exception applies, the

7

court must assess whether warning Winter of the potential long-term issues radiation exposure could cause was (1) an act involving an element of judgment or choice; and (2) the element of judgment or choice is of the kind that the exception was designed to shield. *Maas*, 94 F.3d at 297 (citing *Rothrock v. United States*, 62 F.3d 196, 198 (7th Cir. 1995)).

In *Maas*, the plaintiffs also alleged post-discharge negligence in failing to warn of the increased risk of developing cancer following their radioactive clean-up assignment. *Id.* at 295–96. The Seventh Circuit concluded that both of the above factors were satisfied because (1) no statute or regulation instructed the Air Force on what to do; and (2) the Air Force's exercise of discretion involved policy considerations and were therefore of the kind the exception was designed to shield. *Id.* at 297. The court highlighted the various judgment calls the Air Force would have to make, such as deciding how much radiation was too much, how much exposure warranted notice, which veterans were exposed, and how such notice should be given. *Id.*

Here, the court is not aware of any statute, regulation, or policy directing the Navy to warn servicemen of potential exposure to radiation aboard nuclear submarines, and Winter has not filed a response informing the court of any. And the discretion required of the Navy mirrors *Maas*: "to inform, warn, or test veterans" stationed on submarines like Winter's "would require it to exercise discretion implicating safety, economic, and efficiency concerns." *Id.* at 297–98. The court therefore concludes that any post-discharge failure-to-warn claims alleged by Winter are barred by the discretionary function exception to the Federal Tort Claims Act. They must be dismissed.

In sum, even if Winter's broad negligence allegation constitutes an independent post-discharge claim, it is barred because warning sailors of potential future harm caused by radiation is discretionary and therefore not covered by the United States' waiver of sovereign immunity. This court lacks jurisdiction over any such claims. Therefore, to the extent any of Winter's claims

8

Case 1:25-cv-01035-WCG   Filed 12/31/25   Page 8 of 9   Document 17

are not *Feres*-barred, they must be dismissed for lack of subject matter jurisdiction according to the discretionary function exception.

## CONCLUSION

For the above reasons, the Government's motion to dismiss (Dkt. No. 13) is **GRANTED** because this court lacks subject matter jurisdiction over Winter's claims. The clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 31st day of December, 2025.

_____
William C. Griesbach
United States District Judge